## In re Stephen KENNEDY

[592 A.2d 893]

No. 90-447

April 18, 1991. The district court granted appellee's motion to dismiss on the ground that its involvement in the statutory scheme for discipline of state police officers under 20 V.S.A. § 1880 was unconstitutional under *In re Williams*, 154 Vt. 318, 577 A.2d 686 (1990), which held unconstitutional the district court's role in the statutory scheme for discipline of municipal police officers under 24 V.S.A. § 1932. We find unpersuasive appellant's attempts to distinguish the instant statute from the one found unconstitutional in *Williams* and, accordingly, we affirm.

The district court's role under § 1932 violated the separation of powers provision of the Vermont Constitution, Chapter II, Section 5, because it imposed nonjudicial responsibilities on the judiciary. "The statute ma[de] our district courts hearing officers for municipalities." *Williams*, 154 Vt. at 320, 577 A.2d at 687. While the district court's findings of fact were final, § 1932(c), they had "none of the authority of a judgment." *Williams*, 154 Vt. at 324, 577 A.2d at 689. The municipality held the ultimate power of discipline, and the district court's findings were no more than "an advanced ruling on what may or may not become a personnel dispute between the police officer and the legislative body of the municipality." *Id.*

The district court is placed in the role of a hearing officer for a potential personnel dispute between the department of public safety and a state police officer under § 1880. The differences pointed to by appellant between § 1880 and § 1932 are differences of form, not substance. Appellant attempts to distinguish them on the ground that under § 1932(d) the district court's findings do not compel a disciplinary sanction, whereas under § 1880(e), if the district court finds the charges are proved, "the commissioner shall take such disciplinary action as may be appropriate." This difference does not alter the conclusion that the district court's findings do not have the authority of a judgment. The commissioner is free to reject any disciplinary action recommended by the district court, § 1880(d), and § 1880(e) is broad enough to allow no action if the commissioner so directed. See Department of Public Safety Rules and Regulations, § III, Art. IV, Rule 5.1 (rev. Nov. 1, 1986) ("In a case . . . in which the court or hearing panel concludes that the charges have been proved, the Commissioner shall determine what, *if any*, disciplinary action to take against the member.") (emphasis added). Further, the action taken by the commissioner is appealable to the state labor relations board. § 1880(f).

Nor does it make a difference that it is the charged officer, not the commissioner, who invokes the jurisdiction of the district court. It is what, the district court is charged with doing under § 1880 that violates separation of powers principles, not who calls upon it to do so. Further, the fact that under § 1932 the district court may become involved only after the municipal legislative process has begun, whereas under § 1880 the district court becomes involved, if at all, before the hearing process is even commenced, is inconsequential. As stated above, it is what the district court is charged with doing under § 1880 that we must scrutinize. This is the same under both statutes, regardless of whether it interrupts or precedes the alternative hearing process. In addition, as the district court pointed out below, the municipal legislative process under § 1932 has in reality progressed no further than the executive process under § 1880 at the time the district court is to hold a hearing if its jurisdiction is invoked.

*Affirmed.*